IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**HERMAN TOWNSEND,**

**Plaintiff,**

**v.**

**DONALD SNYDER, et al.,**

**Defendants.**                                          No. 01-CV-0065-DRH

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Pending before the Court is Townsend's April 15, 2005 motion to vacate, (Doc. 307). Specifically, Townsend moves the Court to vacate its March 30, 2005 Order rejecting Judge Proud's Report and Recommendation and granting various summary judgment motions in favor of Defendants Donald Snyder, George Welborn, Charles Hinsley, Sam Riley, Kelley Rhodes, Terry Caliper, Jimmy Johnson, Curtland Sawyer, Kenneth Bartley, Charles Roper, Clarence Faust, Harold Crippen, Derk Wright, Mike Turner, Tracy Tucker, Jake Null, Chester Langin, Maxine Montgomery, Robert Dubois, Chad Myers, John Wolfe, Todd Hunt, Charles Rolfe, Edward Wagoner, Michael McClelland, Todd Kelley, Henry Waller, Todd Vick, David Gibson, Paul Hillard, Stacy Barnett, Donovan Davis, James Studer, Marc Quillman, Eric

Brimm, Charles Jeffers, James Pink, Daniel Monti, Lane Cruse, Loren Potts, David Mason, Scott Matthews, James Rouse, Greg Lambert, Jeffrey Moore, James Grubbs, Jarrard Walker, Joshua Parrish, Vickie Wright, Fred Allen, Cordell McGoy, Brock Harris, John Adams, Jeff Brunden, Nona Moore, Darrin Wright, Greg Medunycia, Danny Robinson, Dr. Chandra, Dr. Marvin Powers, Cheryl Bell, Jill Stevens, Nina Lasley, Rebecca Rogers Tracy (Lambert) Mott, and Nurse Chandra Dillow and against Townsend on his remaining Eighth Amendment claims (Doc. 305).  Townsend contends that the Court should vacate the Order because the Court improperly weighed the evidence and made credibility determinations.  Defendants oppose the motion to vacate arguing that the March 30, 2005 Order was correct because Townsend did not come forward with any viable evidence in response to the motions for summary judgment to show that he had been sexually assaulted or sexually assaulted in the numerous ways that Townsend claim in the complaint and that the various Defendants had failed to protect him from the same.  The Court agrees with Defendants.

        Even though the Federal Rules of Civil Procedure do not officially recognize a pleading called "motion to vacate," courts generally construe such requests as being brought under **Rule 59(e)** or under **Rule 60(b)**.  All motions filed within ten days of entry of the order, including Townsend's present motion[1],  are

---

[1] By operation of the mailbox rule covering prisoner litigation, Townsend's motion was filed within 10 days.  ***See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001);** ***Jones v. Bertand*, 171 F.3d 499, 502 (7th Cir. 1999)**.

treated as **Rule 59(e)** motions. ***Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)**. **Rule 59(e)** permits parties to file, within ten days of the entry of a judgment, a motion to reconsider the judgment. Motions for reconsideration under **Rule 59(e)** are designed "to correct manifest errors of law or fact or to present newly discovered evidence." ***Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)**. Such motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." ***Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995))**. Rather, a **Rule 59(e)** motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. ***LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986))**. The decision of whether to grant or deny a **Rule 59(e)** motion "is entrusted to the sound judgment of the district court." ***In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996)**.

Here, the Court finds that Townsend neither has raised a manifest error of law or fact nor presented newly discovered evidence to warrant the Court to alter or amend its March 30, 2005 Order. Townsend's motion merely takes umbrage with the Court's ruling.

Assuming *arguendo* that **Rule 59(e)** does not apply and that **Rule 60(b)**

does, the Court finds that the motion still warrants denial. **Rule 60(a)**, limited to correcting clerical mistakes, is inapplicable here, **Rule 60(b)** authorizes a district court to relieve a party from final judgment or order for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence …; (3) fraud …; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged …; or (6) any other reason justifying relief from the operation of the judgment.

The first five grounds for **Rule 60(b)** relief do not apply, as Townsend does not claim (and the record does not reveal) any mistake, excusable neglect, newly discovered evidence, fraud, fundamental defect voiding the judgment, or satisfaction of the judgment. Nor has Townsend demonstrated any "other reason justifying relief" from the judgment.

The Seventh Circuit emphasized that Rule 60(b) relief is reserved for exceptional circumstances. ***Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994)**. The rule does not permit a party to correct simple legal errors. "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" ***Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 697 (7th Cir. 2000)(quoting *Russell*, 51 F.3d at 749)**. Townsend has presented no special circumstances justifying the extraordinary remedy. The Court rejects Townsend's Rule 60(b) relief.

Accordingly, the Court **DENIES** Townsend's motion to vacate (Doc. 307)

**IT IS SO ORDERED**.

Signed this 14th day of June, 2005.

<u>/s/    David RHerndon</u>

**United States District Judge**