**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**HERMAN TOWNSEND,**

**Plaintiff,**

**v.**

**DONALD SNYDER, et al.,**

**Defendants.**                                        **No. 01-CV-0065-DRH**

**<u>MEMORANDUM AND ORDER</u>**

**HERNDON, District Judge:**

**I.  <u>Introduction and Background</u>**

Pending before the Court is Nurse Jackie Hamilton's motion for summary judgment (Doc. 313).   Townsend opposes the motion (Doc. 317). Hamilton argues that she is entitled to summary judgment because Townsend's cause of action is blatantly frivolous.  Based on the following, the Court **GRANTS** Hamilton's motion for summary judgment.

On January 29, 2001, Herman Townsend, an inmate currently housed at Tamms Correction Center sued the Defendants alleging violations of his civil rights pursuant to **42 U.S.C. § 1983** (Doc. 1).[1]   Townsend alleges that his Eighth Amendment rights were violated on various occasions.  He maintains that he has been retaliated against for making complaints, that he has been repeatedly beaten,

---

[1]Townsend is currently serving a 55 year prison term for murder.

sodomized and that has suffered "unspeakable abuses" at the hands of Defendants.
He claims that Defendants either have sexually assaulted him or have allowed other
prisoners to enter his cell and sexually assault him, that they used excessive force
on him and that they were deliberately indifferent to his medical needs.   These
allegations contained in the complaint allegedly took place from April 21, 2000 (his
arrival at Tamms) to December 2000.

On December 21, 2001, pursuant to **28 U.S.C. § 1915A**, the Court
designated Townsend's fifty-six handwritten complaint into 43 counts (Doc. 7).  The
Court dismissed Counts 11, 12, 19 (except the Eighth Amendment claims), and 43
(except the Eighth Amendment claims).   The claims that survived the initial review
were Townsend's allegations stemming from Eighth Amendment violations.   The
claims that pertain to Nurse Jackie Hamilton are found in Count 3.[2]  In Count 3,
Townsend alleges that Defendants C/Os Brimm, Adams, Wolfe, Richardson, Nurse
Jackie Hamilton, Kelly Rhodes, and Warden Hinsley for violating Townsend's rights
under the Eighth Amendment.   On May 4, 2000, C/Os Brimm, Adams Wolfe and
Richardson allegedly let inmate Jermaine Carpenter into Townsend's cell.   This
inmate sodomized Townsend.   The Defendants then asked Carpenter, "did you get
him?"   Townsend alleges that he told Nurse Hamilton, Lt. Montgomery, Lt. Jeffers,
Captain Johnson, Kelly Rhodes and Warden Hinsley what happened.   They did

---

[2]The Court is addressing only the claims against Nurse Jackie Hamilton.  On March 30,
2005, the Court granted summary judgment in favor of all the Defendants (except for Hamilton as
she did not move for summary judgment at that time) and against Townsend (Doc. 305).

nothing to help him.

On March 30, 2005, Court addressed and granted the other Defendants' motions for summary judgments regarding the same issues and arguments (Doc. 305). In addition to following, the Court relies on the facts and analysis in that Order as support for its decision in granting Nurse Jackie Hamilton's motion for summary judgment. Viewing the evidence in the light most favorable to Townsend, the Court finds that Townsend's pleadings and exhibits neither support his allegations nor create a genuine issue of material fact to preclude summary judgment.

## II.  <u>Summary Judgment Standard</u>

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed. R. Civ. P. 56(c);** *Wyatt v. UNUM Life Ins. Co. of America,* **223 F.3d 543, 545 (7th Cir. 2000);** *Oates v. Discovery Zone,* **116 F.3d 1161, 1165 (7th Cir. 1995);** *see also Celotex Corp. v. Catrett,* **477 U.S. 317, 322 (1986).** The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Wollin v. Gondert,* **192 F.3d 616, 621-22 (7th Cir. 2000);** *Baron v. City of Highland Park,* **195 F.3d 333, 337-38 (7th Cir. 1999)**.

In response to a motion for summary judgment, the non-moving party may not simply rest upon the allegations in his pleadings. *Smith v. Sheahan,* **189**

**F.3d 529, 532 (7th Cir. 1999).**  Rather, the non-moving party must show through specific evidence that an issue of fact remains on matters for which he bears the burden of proof at trial.  ***Smith v. Severn,*** **129 F.3d 419, 425 (7th Cir. 1997);** ***Celotex,*** **477 U.S. at 324;** ***Johnson v. Cambridge Industries,*** **325 F.3d 892, 901 (7th Cir. 2003)("summary judgment is the 'put up or shut up' moment").**  In reviewing a summary judgment motion, the Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. ***EEOC v. Sears, Robuck & Co.,*** **233 F.3d 430, 436 (7th Cir. 2000).**  The proper inquiry is whether there are factual issues that can only be resolved by the fact finder because "they may be reasonably resolved in favor of either party." ***Anderson v. Liberty Lobby, Inc.,*** **477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986)**.

In addition, **Fed. R. Civ. P. 56(e)** states: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Affidavits offered "in support of or opposition to summary judgment create an issue of fact only to the extent that they provide evidence that would be admissible if offered live on the witness stand." ***Watson v. Lithonia Lighting, Nat'l Service Industries, Inc.,*** **304 F.3d 749, 751-52 (7th Cir. 2002)**.  Furthermore, "self-serving statements contained in an affidavit will not defeat a motion for summary judgment when those statements are 'without factual support in the record.' " ***Buie v. Quad/Graphics, Inc.,*** **366 F.3d 496, 503**

**(7th Cir. 2004)(quoting *Albiero v. City of Kankakee*, 246 F.3d 927 (7th Cir. 2001))**. However, a self-serving affidavit supported by facts in the record can create a genuine issue of material fact. ***Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003)**. The record "may include the affidavit itself, providing that the affidavit meets the usual requirements for evidence on summary judgment including the requirement that it be based on personal knowledge." ***Id.*** The trial judge has broad discretion to disregard an affidavit on summary judgment. ***See Corder v. Lucent Technologies, Inc.*, 162 F.3d 924, 927 (7th Cir. 1998)**.

Here, it is significant to note that Townsend is proceeding pro se. Pro se complaints and pleadings are to be liberally construed. ***Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Kyle II v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) (citing *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 478 (7th Cir. 1988))**. Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." ***Henderson v. Sheahan*, 196 F.3d 839, 845-46 (7th Cir. 1999)( citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972))**.

### III.  <u>Analysis</u>

The Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. ***See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994)**. As the Supreme Court noted in ***Rhodes v. Chapman*,**

**452 U.S. 337, 346 (1981)**, the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. ***Id.,*** **(quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976))**. The Constitution also prohibits punishment that is totally without penological justification. ***Gregg*, 428 U.S. at 183**.

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. ***Rhodes*, 452 U.S. at 346; *see also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992)**. The Eighth Amendment imposes upon correctional officers and officials the affirmative duty to protect inmates from violence. ***Farmer v. Brennan*, 511 U.S. 825, 837 (1994)**. The Eighth Amendment does not demand that guards perform this task flawlessly. ***Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004)**. A prison official "acts with deliberate indifference if he knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." ***Id.*** Specifically, the defendant must have "ordered, had knowledge of, or consented to" a violation of the plaintiff's constitutional rights. ***Whitford v. Boglino,* 63 F.3d 527, 530-31 (7th Cir. 1995)**.

The documents that Townsend cites to and submits as evidence regarding his allegations as to Count 3 and Nurse Hamilton (Townsend Exhibits, ps.

101-182) do not support Townsend's allegations.  The record reveals the following.
On May 5, 2005, Townsend flooded his cell and made a noose.  (Townsend Exhibits,
p. 101).  He also told Lt. Montgomery that the inmate sexually assaulted him on the
3-11 shift.  (Townsend Exhibits, ps. 102, 103).  He further threatened to tear his
smock and make a noose (Townsend Exhibits, ps. 104-1062).  During this time,
Townsend was placed on suicide watch. (Townsend Exhibits, p. 105).  Exhibit 109
on May 5, 2000, states:

> "Referred to another i/m being in a cell but laughed as this i said stated
> 'I do not want to be at Tamms. . . .  I got to get out of here.' Volunteered
> that he never threatened harm to self w/ safety smock.  Stated he
> flooded so that he could talk w/ someone. "

The exhibits also reveal that Townsend declared a hunger strike on May 3, 2000 at
4:55 a.m. and ended the hunger strike on May 4, 2000 at 4:45 a.m. (Townsend
Exhibits p. 133).

    The Court finds that Defendant Nurse Jackie Hamilton is entitled to
summary judgment.  First, the exhibits submitted by Townsend do not show that he
has been sexually assaulted or that he suffered any type of injury as a result of
Hamilton's actions.  While the record does contain some allegations of sexual assault
and that people are trying to kill him (statements made by Townsend) and viewing
the evidence in the light most favorable to Townsend, the record does not support
such accusations.  Second, neither the pleadings nor the exhibits submitted by
Townsend in support of his allegations against Nurse Hamilton (in particular
Exhibits 102 and 109) explain or show Nurse Jackie Hamilton's involvement or lack

of involvement regarding Townsend's allegations.

As stated in the Court's previous Order, Townsend fails to present any evidence to support his allegations that he was sexually assaulted; and that even if the attacks did occur that he was injured from *any* of these alleged attacks; and that Nurse Hamilton was personally involved in any alleged attacks or that she failed to protect him from the attacks. ***Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)**. The only evidence that Townsend attaches to support these accusations are his own declarations in response to summary judgment (Doc. 317). These declarations are insufficient to defeat summary judgment. ***See Buie*, 366 F.3d at 503 (citations omitted) ("self-serving statements contained in an affidavit will not defeat a motion for summary judgment when those statements are 'without factual support in the record.'")**. Furthermore, Townsend's conclusory allegations in his complaint and pleadings cannot defeat summary judgment. **FED.R.CIV.P. 56(e);** ***Weicherding v. Riegel*, 160 F.3d 1139, 1142 (7th Cir. 1998); *Smith v. Sheahan*, 189 F.3d 529, 532 (7th Cir. 1999)**. Thus, the Court finds that Nurse Hamilton is entitled to summary judgment.

### IV.  Conclusion

Accordingly, the Court **GRANTS** Nurse Hamilton's motion for summary judgment (Doc. 313).  The Court **ORDERS** the Clerk of the Court to enter judgment in favor of Nurse Jackie Hamilton and against Herman Townsend.

**IT IS SO ORDERED**.

Signed this 27th day of June, 2005.


/s/      David RHerndon
**United States District Judge**